IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| CAITLIN CUNNINGHAM<br>18120 Ivy Lane<br>Olney, MD 20832<br><br>    Plaintiff<br><br>    v.<br><br>MUSE PAINTBAR, LLC<br>329 Greenwich Street<br>New York, NY 10013<br><br>*Serve on*:<br><br>    The Morris Law Firm, LLC<br>    4845 Rugby Ave, Suite 302<br>    Bethesda, MD 20817<br><br>    Defendant. | * * * * * * * * * * * * * * * * * * * | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PRELIMINARY STATEMENT

1.  Plaintiff CAITLIN CUNNINGHAM ("Cunningham") is a deaf individual with a passion for the arts who enjoys taking art classes. MUSE PAINTBAR, LLC ("Defendant") offers painting classes open to the public. Cunningham requested that Defendant provide qualified sign language interpreters for a painting class so that she could fully participate in and benefit from attending the class. Defendant refused to provide qualified sign language interpreters. As a result of Defendant's refusal to provide qualified sign language interpreters for classes, Cunningham is unable to follow class instruction and benefit fully and equally from attending art classes. Defendant's conduct violates Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq*., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

1

Cunningham brings this Complaint to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment of all that Defendant offers members of the public, and an equal opportunity to participate in and benefit from Defendant's events that are open to the public. Cunningham seeks declaratory and injunctive relief as well as damages, reasonable attorneys' fees, and costs.

## JURISDICTION

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because (i) Defendant has sufficient contacts within this District to subject it to personal jurisdiction at the time this action is commenced; and (ii) the acts and omissions giving rise to this Complaint occurred and will continue to occur within this District.

## PARTIES

4.      Caitlin Cunningham resides at 18120 Ivy Lane, Olney, MD 20832.

5.      Defendant Muse Paintbar, LLC is headquartered at 329 Greenwich Street, New York, NY 10013.  Defendant has a location in Gaithersburg, Maryland where Plaintiff desires to take paint classes.  Defendant's service agent is the Morris Law Firm, LLC, 4845 Rugby Avenue, Suite 302, Bethesda, MD 20817.

## FACTUAL ALLEGATIONS

6.      Defendant is a place of public accommodation that offers courses and cultural programming to the public and is subject to Title III of the Americans with Disabilities Act.

7. Upon information and belief, Defendant is a recipient of federal financial assistance from the Small Business Administration and is therefore subject to Section 504 of the Rehabilitation Act.

8. Cunningham is deaf.

9. Cunningham is substantially limited in the major life activities of hearing and speaking.

10. Cunningham's primary means of communication is American Sign Language.

11. Because Cunningham is deaf, qualified sign language interpreters are necessary for her to understand class instruction and class dialogue and have an opportunity equal to that of hearing classmates to interact with instructors and classmates.

12. In 2016 and 2017, Cunningham requested qualified sign language interpreters for Muse Paintbar art classes.

13. Despite Defendant's refusal to provide a qualified sign language interpreter, Cunningham wanted to take art classes.

14. Cunningham tried attending the classes without a qualified sign language interpreter.

15. However, without qualified sign language interpreters, Cunningham was not able to understand the class instructors or the class dialogue.  She felt lost and confused.

16. In early 2018, Cunningham contacted Defendant to again request qualified sign language interpreters for a class on or about February 21, 2018.

17. Defendant provided a qualified sign language interpreter for this class.

18. With a qualified interpreter present, Cunningham was able to understand the class instructor and participate fully and equally in class dialogue.

19. On or about September 26, 2018, Cunningham registered for a Muse Paintbar class to take place on October 11, 2018. When registering for the class, Cunningham requested a qualified sign language interpreter.

20. On or about October 8, 2018, Cunningham contacted Defendant regarding the status of her request for qualified sign language interpreters.

21. Defendant stated that it would not be providing qualified sign language interpreters.

22. As a result of Defendant's refusal to provide qualified sign language interpreters, Cunningham could not participate in the class. Cunningham could not face the humiliation and embarrassment of again attending a class where she did not understand the class instructor, the class dialogue, or what she was supposed to do in class.

23. Cunningham continues to be interested in attending Defendant's courses that are open to the public but will not have full and equal enjoyment unless Defendant provides qualified sign language interpreters for the classes.

24. On or about November 30, 2018, the National Association of the Deaf sent a letter to Defendant requesting that Defendant provide qualified sign language interpreters to ensure that Cunningham has full and equal access to the class instruction that Defendant provides members of the public.

25. Defendant never responded to the letter from the National Association of the Deaf.

26. As a result of Defendant's failure to provide qualified sign language interpreters for the classes, Cunningham is and continues to be deprived of an opportunity equal to that of other patrons to the full and equal enjoyment of Defendant's classes.

27. Cunningham has suffered emotional distress, including frustration, humiliation, and mental anguish.

28. Cunningham continues to be interested in events that Defendant advertises and will attend such events if and when qualified sign language interpreters are provided.

**COUNT I: TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

29. Cunningham repeats and realleges all paragraphs in this Complaint in support of this claim.

30. Cunningham is substantially limited in the major life activity of hearing, and is therefore an individual with a disability within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(2).

31. Defendant owns, leases, and/or operates a place of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F).

32. Title III of the ADA prohibits discrimination on the basis of disability in "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any places of public accommodations . . . " 42 U.S.C. § 12182(a).

33. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation cannot deny participation or offer an unequal or separate benefit to individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A) and (B); 28 C.F.R. §§ 36.202; 36.203.

34. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation must make reasonable modifications to its policies, practices, or procedures, when necessary to ensure full and equal access for people with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

35. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation shall furnish appropriate auxiliary aids and services to ensure effective communication with individual with disabilities. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(b)(1).

36. Defendant has and continues to discriminate against Cunningham on the basis of disability by denying her full and equal enjoyment of the services, programs, and benefits the Defendant offers to other individuals, and by refusing to provide auxiliary aids and services or reasonably modify its policies, practices, or procedures, in violation of Title III of the ADA.

37. Cunningham has been and continues to be harmed as the result of Defendant's discrimination and has suffered humiliation, embarrassment and exclusion from a cultural experience open to others.

### COUNT II: SECTION 504 OF THE REHABILITATION ACT

38. Cunningham repeats and realleges all paragraphs in this Complaint in support of this claim.

39. Plaintiff is a qualified individual with a disability.

40. Defendant is a recipient of federal financial assistance.

41. Defendant has intentionally discriminated against the Plaintiff on the basis of her disability by denying Plaintiff the auxiliary aids and services necessary to ensure effective communication between Plaintiff and Defendant, equal access, and an equal opportunity to participate in and benefit from Defendant's classes in violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

42. As a result of Defendant's actions, Cunningham has been injured and suffered emotional pain, suffering, mental anguish, and other nonpecuniary losses.

43. Defendant's policies and practices do not ensure effective communication and therefore leave Cunningham experiencing ongoing harm as the result of her inability to fully participate in and benefit from attending Defendant's classes.

## **RELIEF**

WHEREFORE, Plaintiff Caitlin Cunningham respectfully requests that this Court provide the following relief:

(a) Issue a declaration that Defendant's policies, procedures, and practices have subjected Plaintiff to discrimination in violation of Title III of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act;

(b) Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that denies individuals who are deaf, such as Cunningham, full and equal enjoyment and an opportunity equal to that of hearing individuals to participate in and benefit from Defendant's programs, activities, and services regardless of disability;

(c) Order Defendant to develop and comply with written policies, procedures, and practices to ensure that Defendant does not discriminate in the future against Cunningham and other similarly situated individuals who are deaf;

(d) Order Defendant to provide qualified sign language interpreters to ensure effective communication with Cunningham during Defendant's classes and all other events open to the public;

(e) Order Defendant to train all representatives and employees about Cunningham's rights and the rights of individuals who are deaf, as well as provide training on Defendant's policies and procedures;

(f) Order Defendant to list on its website(s) Defendant's procedures and policies for complying with the Americans with Disabilities Act and Section 504 of the Rehabilitation Act;

(g) Award damages pursuant to Section 504;

(h) Award reasonable costs and attorneys' fees;

(i) Award any and all other relief that this Court finds necessary and appropriate.

Respectfully submitted,

/s/ Mary C. Vargas
Marc Charmatz
Anna Bitencourt
NATIONAL ASSOCIATION OF THE DEAF
Law and Advocacy Center
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
T: (301) 587-7732
F: (301) 587-1791
anna.bitencourt@nad.org
marc.charmatz@nad.org

Mary C. Vargas
STEIN & VARGAS, LLP
10 G Street NE, Suite 600
Washington, DC 20002
T: (202) 248-5092
F: (888) 778-4620
mary.vargas@steinvargas.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands that this action be tried before a jury.

s/Mary C. Vargas
Mary C. Vargas

Date: June 12, 2019